UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Leal R Pickering, | : | NO.: 3:14-cv-1207(VLB) |
| Wanda Sampel, | : | |
|     Plaintiffs | : | |
| | : | |
| vs | : | June 13, 2015 |
| | : | |
| August DeFrance, | : | |
| Robert Kraeger, et al | : | |

## Local Rule 56(a)2 Statement

1. Admit

2. Admit

3. Admit

4. Admit

5. Without knowledge

6. Deny – The evidence does not confirm Officer Kraeger "a tip". Officer DeFrance testified Officer got a tip from a female. Ex5, p. 13-14; Ex8, #3b-c. Officer Kraeger said he got a tip form a male. Ex6, p. 10-11. Officer Kraeger's notebook fails to confirm neither tip. Ex10.

7. Deny – There is an arrest in East Hartford for les than 4 ounces of marijuana. Ex.3, p. 29

8. Deny – Officer DeFrance learned about the tip on 9/22/2012. Ex8, #3, c-d; Ex5, p13-14)

9. Admit

1

10. Admit Ms. Sampel's driver license was suspended. Deny Mr. Pickering did not have a valid license. Ex4, p88.

11. Deny – Officer DeFrance in a driveway on Spring Street near Rome Avenue. Ex2.

12. Deny - However on September 23, 2012, Officer DeFrance did not mention anything about "instructions" on a handicap placard. Ex9.

13. Admit

14. Deny – This was a plan stop to search for narcotics. Ex7, p.22

15. Admit

16. Admit returned to the police cruiser with Ms. Sampel State issued identification card.

17. Admit – but this was part of the plan to search the vehicle for narcotics. Ex7, p. 22. Officer DeFrance had the initial approach, then returned and had conservation with Ms. Sampel, and then when back to the police cruiser. Ex3, p. 32-33.

18. Admit several officers appeared on the scene.

19. Admit – out of sequences (see 17 above). Sampel responded, give me a ticket. Ex3, p. 33

20. Deny – it is impossible visually see the HerbaLife where it was position and where Officer Kraeger claim he was position when he had the plain view sighting. Ex6, pp43-45)

21. Deny – Id. Also, Officer Kraeger is not specific where he was standing outside the passenger side of the vehicle.

22. Without knowledge, therefore, leave to defendant's proof.

23. Deny, Officer Kraeger and Ms. Sampel when to the back of the van, where he asked her questions. Ex3, p.34-35.

24. Deny – Mr. Pickering remained in the van while Officer Kraeger performed a warrantless search without consent. Ex3, p. 38; Ex4, p 90-91.

25 Deny – see 24 above.

26. Deny – Ms. Sampel saw the results of the second test and did not see the change in the tube. Ex3, 52-53.

27. Deny- Officer DeFrance was not sure if he saw a positive change after the test. Ex5, .55.

28. Admit no documentation of the test results. Deny "the fact" Officer Kraeger document "the substance field tested positive for heroin. Ex3, p51-54; Ex5, p55.

29. Admit

30. Admit Ms. Sampel does not know how the kits work. Deny- Ms. Sampel saw no color change after the second test. Ex3, p52-53. Formal testing of the HerbaLife Product concurs with Ms. Sampel. Ex16.

31. Deny. Ms. Sampel observed an Officer Kraeger handing something to the police officer who put it back in the unmarked vehicle Officer drove, and Officer Kraeger continue to search the van and returning back to the HerbaLife Product after the first test. Ex3, p52.

32. Admit

33. Deny – Sergeant Lukanik did not test the HerbaLife Product on the scene, but delivered a third test kit to Officer Kraeger. Ex3, p. 55-56.

34.     Deny. Ms. Sampel knows what she saw and how these officers reacted to the two test result which was to continue searching the van. Ex3, p. 49-55.

35.     Subjective statement, unable to admit or deny.

36.     Deny – Ms. Sampel did not see Sergeant Lukanik test the produce. Ex3, p. 55-56. Admit she saw the second test and the result and confirm the test result was clear. Ex3, p52-53.

37.     Admit.

38.     Without knowledge, therefore deny.

39.     Admit to the extent "original packaging" means as shipped from the factory,

40.     Admit plaintiffs arrested. Deny two field test yield positive result for heroin. Ex3, p52-53.

41.     Admit

42.     Admit plaintiff daughter sat next to the HerbaLife Product. Ms. Sampel saw the result of the second test, which confirmed no narcotics. Ex3, p52-53.

43.     Admit

44.     Admit, but the fruit of the missing reasonable articulation suspicion for a motor vehicle stop and warrantless search without consent.

45.     Admit

46.     These officer participated in the seizure of the plaintiffs.

47.     Admit

48.     Unable to admit or deny

49.     Unable to admit or deny

50.     Deny – Officer Kraeger tested the product three times on the scene. <u>Ex3</u>, p. 55-56.

51.     Without knowledge, therefore deny.

**Disputed Issues of Material Facts**

1.      On September 22, 2012, did Officer Kraeger receive a reliable anonymous tip that the plaintiffs were dealing narcotics out of 44 Roam Avenue?

2.      Did Officer DeFrance have a reasonable articulable suspicion to warrant the motor vehicle stop on September 23, 2012 of the vehicle the plaintiffs were in?

3.      Did Officer DeFrance have objective reasonable probable cause to stop the vehicle plaintiff were in on September 23, 2012?

4.      Did Officer Kraeger make a plain view observation of the HerbaLife Product on September 23, 2012?

5.      Were the field tests of the HerbaLife Product reliable?

6.      Did the defendants act within the scope of there employment by stopping a motor vehicle, after planning the stop, without having probable articulable suspicion?

7       Did the defendants act within the scope of there employment by conducting a search of the motor vehicle without the consent of Mr. Pickering, the vehicle owner?

8.      Is the evidence sufficient to arrest Mr. Pickering for narcotics violation, based on suspicion?

                        Plaintiffs  
                        Leal R. Pickering  
                        Wanda Sampel


By    /ss/ Mark S. Loman  
Mark S. Loman  
CT19489  
The Law Office of MARK S. LOMAN  
116 Cottage Grove Road, Ste. 101  
Bloomfield, CT 06002  
(O) 860-761-2530  
(F) 860-760-6231  
atty_loman@att.net


## CERTIFICATION

I hereby that on March 7, 2016a copy of the foregoing Local Rule 56(a)2 Statement was filed electronically and serviced by mail on anyone unable to accept electronic filling. Notice of the filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                          /ss/ Mark S. Loman  
                                          Mark S. Loman